IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**OSCAR SOSA,**

        Plaintiff,

v.                                  **Civil Action No.: 5:24-CV-87**
                                      Judge Bailey

**MS. BROWNING,** Registered Nurse,
**MS. STOUT,** Corrections Officer, and
**UNKNOWN CORRECTIONS OFFICERS,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on May 6, 2024, by filing a Complaint under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971). This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends the case be dismissed.

### II. The Complaint

Plaintiff's Complaint raises a single claim alleging he suffered cruel and unusual punishment in violation of the Eighth Amendment. Specifically, plaintiff alleges that on or about November 10, 2023, during a "lockdown," plaintiff, a federal inmate housed at FCI Gilmer in Glenville, West Virginia, suffered a medical emergency in which he had a severe headache and lost sight in one eye. Plaintiff alleges that despite pushing the emergency button in his

1

cell, there was a significant delay before defendant Stout responded and informed plaintiff that no one was on duty in the medical department. Plaintiff alleges that later that night, defendant Browning administered an injection to treat the pain, but that plaintiff continued to suffer pain throughout the weekend. Several days later, on November 13, 2023, plaintiff was transported to a hospital for further evaluation and eventually required brain surgery on November 17, 2023. Plaintiff alleges that the defendants were deliberately indifferent to plaintiff's medical needs, causing him to suffer great pain and distress and to sustain permanent injury including blindness, which he alleges could have been avoided through timely medical care. For relief, plaintiff seeks five million dollars in compensatory damages, five million dollars in punitive damages, and interest and attorney's fees.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably

meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

The plaintiff is proceeding *pro se* and therefore the Court is required to liberally construe his pleadings. **Estelle**, 429 U.S. at 106; **Haines v. Kerner**, 404 U.S. 519, 520–1 (1972) (per curiam); **Erikson v. Pardus**, 551 U.S. 89, 94 (2007); **Loe v. Armistead**, 582 F.2d 1291 (4th Cir. 1978); **Gordon v. Leeke**, 574 F.2d 1147 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, **Haines**, 404 U.S. at 520, even under this less stringent standard, a *pro se* complaint is still subject to dismissal.

## IV. Analysis

The undersigned finds that plaintiff's claims should be dismissed for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." **Porter v. Nussle**, 534 U.S. 516, 524 (2002). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to **Bivens**. **Booth v. Churner**, 532 U.S. 731, 741 (2001). "[F]ederal prisoners suing under **Bivens v. Six Unknown Fed. Narcotics Agents** [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." **Porter v. Nussle**, 534 U.S. at 524 (internal citation omitted). As recognized in **Porter** and **Booth**, exhaustion is a prerequisite to suit, and

---

[1] *Id.* at 327.

3

accordingly, plaintiff was required to exhaust all available administrative remedies prior to filing his **Bivens** complaint in federal court.

Moreover, in **Woodford v. Ngo**, 548 U.S. 81, 93–94 (2006) (internal citations omitted), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) "to eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."

Here, plaintiff states that he did not file any grievance relating to the facts of his Complaint, and states only that "It will be an exercixe (sic) in futility." [Doc. 1 at 4]. The Supreme Court has stated that, "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." **Booth v. Churner**, 532 U.S. 731, 741, n.6 (2001). Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. **Custis v. Davis**, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004), failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in **Carmona**, supra, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review,

> or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, plaintiff's conclusory allegation that administrative remedies would be futile is insufficient to overcome the exhaustion requirement. Plaintiff has not alleged that he was prevented from accessing the necessary remedy forms or that he was otherwise denied the opportunity to pursue administrative remedies. Because plaintiff has failed to exhaust administrative remedies, this Court is without jurisdiction to hear his claims. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing

5

the fact and dismissing the cause." ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. Recommendation

For the reasons set forth above, the undersigned recommends that plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: June 24, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE